## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

---

PLUS ONE, LLC,                                    Case No. 23-cv-2016 (KMM/JFD)

              Plaintiff,

v.                                                              **ORDER**

CAPITAL RELOCATION SERVICES
L.L.C.,

              Defendant.

---

This matter is before the Court on Defendant Capital Relocation Services L.L.C.'s ("CapRelo") Motion to Clarify December 18, 2024 Order and Modify Second Amended Pretrial Scheduling Order (Dkt. No. 305). The Court denies the motion to clarify because the December 18 Order was neither vague nor ambiguous. The scope of the December 18 Order was consistent with the scope of CapRelo's Motion to Preclude Plus from Asserting New Trade Secrets. CapRelo received the relief it requested—and no more. The Court grants the motion to modify and extends the deadline for expert rebuttal reports to June 4, 2025.

## I.    Background

Plus One, LLC ("Plus") is suing CapRelo for misappropriation of trade secrets and breach of contract, among other claims. In discussing the motion to clarify now before the Court, the Court will follow CapRelo's lead and use the term "Confidential Information" to describe non-public information that could be used to support Plus's breach-of-contract claim. (*See* Def.'s Mem. Supp. Mot. Clarify at 1 ("Plus served an amended discovery

response claiming—for the first time—that 'any asserted or identified Plus trade secret that this Court has precluded Plus from asserting as a trade secret nonetheless constitutes Confidential Information' in support of its breach-of-contract claim."); at 3 ("Plus had never previously asserted the Precluded Categories as 'confidential information' in support of its contract claim at the time the Preclusion Order was issued."), Dkt. No. 307.)

In November 2024, CapRelo filed a "Motion to Preclude Plus from Asserting New Trade Secrets." (Dkt. No. 235.) As one might glean from the title of the motion, it sought to preclude trade secrets. In particular, the motion targeted an amended trade-secret disclosure Plus had served earlier that month and involved Interrogatory No. 1, which asked Plus to identify and describe each trade secret at issue.[1] (*See generally* Def.'s Mem. Supp. Mot. Preclude, Dkt. No. 237.) The motion did *not* mention "Confidential Information," the breach-of-contract claim, or Interrogatory No. 2, which asked Plus to identify and describe Confidential Information. (*See generally id.*)

On December 18, 2024, the Court issued an Order on the Motion to Preclude Plus from Asserting New Trade Secrets. The Court framed the dispute as CapRelo's attempt "to preclude Plus from asserting new trade secrets" and addressed only "each challenged new trade secret." (Order at 4, Dkt. No. 254.) The Court explicitly "preclude[d] Plus from

---

[1] Discovery leading to the latest version of the trade-secret disclosure has been fraught. Over a year ago, CapRelo filed a motion to compel Plus to describe its alleged trade secrets with greater particularity. (*See* Dkt. Nos. 131, 133.) The Court denied the motion as moot after Plus provided an amended trade-secret disclosure and expressed in a letter dated October 16, 2024, an intention to amend the disclosure yet again. (Order at 3–4, Dkt. No. 228.) Plus served the latest amended trade-secret disclosure on November 12, 2024; CapRelo filed the Motion to Preclude Plus from Asserting New Trade Secrets thirteen days later.

asserting newly identified trade secrets that neither narrow nor streamline the previously identified trade secrets and are contrary to the letter and spirit of Plus's October 16 letter to the Court." (*Id.* at 2.) The December 18 Order did not discuss "Confidential Information," the breach-of-contract claim, or Interrogatory No. 2. On the evening of December 18, Plus served an amended response to Interrogatory No. 2, stating that any precluded asserted trade secret was nonetheless Confidential Information responsive to Interrogatory No. 2.

## II.    Discussion

### A.    Motion for Clarification

"There is no Federal Rule of Civil Procedure specifically governing motions for clarification." *United States v. All Assets Held at Bank Julius, Baer & Co., Ltd.*, 315 F. Supp. 3d 90, 99 (D.D.C. 2018). "The general purpose of a motion for clarification is to explain or clarify something ambiguous or vague, not to alter or amend." *Resol. Tr. Corp. v. KPMG Peat Marwick*, No. Civ. A. 92-1373, 1993 WL 211555, at *2 (E.D. Pa. June 8, 1993).

CapRelo's Motion to Preclude Plus from Asserting New Trade Secrets pertained only to the amended trade-secret disclosure that Plus provided in response to Interrogatory No. 1. Likewise, the Court's December 18 Order discussed and applied only to the amended trade-secret disclosure. CapRelo has not identified anything vague or ambiguous about the December 18 Order, and the language of the Order was clear that the Order pertained only to the newly identified trade secrets in the amended trade-secret disclosure served on November 12, 2024.

3

CapRelo speculates that the December 18 Order did not address Confidential Information because Plus had not classified the newly identified trade secrets as Confidential Information before the December 18 Order was issued. (Def.'s Mem. Supp. Mot. Clarify at 6.) Not exactly. Plus's use of Confidential Information was not addressed in the order because CapRelo did not raise that issue in its Motion to Preclude Plus from Asserting New Trade Secrets. Because the Court rules on controversies as they are presented by the parties, the scope of the December 18 Order was defined by the scope of CapRelo's Motion to Preclude Plus from Asserting New Trade Secrets. At the hearing on this motion, counsel for CapRelo alleged that various items of Confidential Information were only recently designated. The timing of that designation, though, is not what drives the Court's decision, but rather the terms of the December 18 Order as to which clarification is sought. The terms of that Order, in turn, derive from the relief sought by CapRelo in the Motion to Preclude Plus from Asserting New Trade Secrets. As noted, CapRelo did not ask to have limits placed on the designation of Confidential Information but to preclude newly identified trade secrets. The Court entered an order precluding trade secrets newly asserted by Plus.

The Court finds that CapRelo's request to preclude Plus from using "Confidential Information" is an attempt to alter or amend the December 18 Order and is therefore improper. CapRelo's motion for clarification is accordingly denied.

**B.    Motion to Modify Pretrial Schedule**

CapRelo asks to modify the April 25, 2025 deadline to serve expert rebuttal reports pending the resolution of this motion. Federal Rule of Civil Procedure 16(b)(4) provides

4

that a pretrial schedule "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "'The primary measure of good cause is the movant's diligence in attempting to meet the order's requirements.'" *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 716 (8th Cir. 2008) (quoting *Rahn v. Hawkins*, 464 F.3d 813, 822 (8th Cir. 2006)).

The Court finds that there is good cause for a short extension of the deadline. CapRelo claims it was surprised by the inclusion of the precluded trade secrets in Plus's opening expert reports, and even though CapRelo has known since Plus served the amended response to Interrogatory No. 2 on December 18, 2024 that Plus considered the precluded asserted trade secrets to be Confidential Information, the Court will take CapRelo at its word. In addition, CapRelo acted diligently in filing the motion for clarification three days after the Court's December 18 Order was affirmed. CapRelo also acted diligently in requesting a pre-hearing status conference with the Court before the April 25 deadline to alert the Court to the timing issue. Finally, the Court considers that the requested extension (three weeks) is modest. On the other hand, CapRelo has essentially already obtained a three-week extension (from April 25 to today's date) by virtue of the inherent delays in motion practice. Accordingly, the Court will grant CapRelo an extension of only two additional weeks—to June 4, 2025—to serve its rebuttal expert reports. The parties shall meet and confer about any other deadlines that might be affected by this extension and provide a stipulation and proposed order to the Court.

**III.    Conclusion**

The Court denies the motion to clarify the December 18 Order because CapRelo has not identified anything vague or ambiguous about the Order, and CapRelo is in essence seeking to alter or amend it. The Court grants the motion to modify the deadline for rebuttal expert reports upon finding good cause for a short extension.

Accordingly, **IT IS HEREBY ORDERED** that Defendant Capital Relocation Services L.L.C.'s Motion to Clarify December 18, 2024 Order and Modify Second Amended Pretrial Scheduling Order (Dkt. No. 305) is **DENIED** as to the request for clarification. The request to modify the scheduling order is **GRANTED**, and the Court extends the deadline for expert rebuttal reports to June 4, 2025.

Date: May 21, 2025                                    *s/ John F. Docherty*
                                                     JOHN F. DOCHERTY
                                                     United States Magistrate Judge