UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Plus One, LLC,                                     Case No. 23-cv-2016 (KMM/JFD)

    Plaintiff,

v.                                                 **ORDER**

Capital Relocation Services, LLC

    Defendant.

---

    Before the Court is Plaintiff Plus One, LLC ("Plus") appeal (ECF 257) of an order by Magistrate Judge John F. Docherty dated December 18, 2024 (ECF 254) (the "December Order"). A hearing was held on this matter on April 1, 2025, at the conclusion of which the Court explained that it would deny Plus's appeal because it found no clear error in Judge Docherty's decision. *See* ECF 301 (Hr'g Min. Entr.). The Court will not rearticulate its reasons for finding no such error, which were stated on the record during the hearing and are incorporated herein by reference. Instead, this Order serves to briefly explain why Court applied the clear error standard of review to Judge Docherty's order.

    A party may seek review of a magistrate judge's order with the district court. Fed. R. Civ. P. 72. "The district court reviews a magistrate judge's dispositive decisions *de novo*, while it reviews nondispositive decisions for clear error." *In re Plowiecki*, No. 21-cv-23 (JRT/BRT), 2021 WL 4973762, at *4 (D. Minn. Oct. 26, 2021) (citing 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72, and D. Minn. LR 72.2). In its appeal, Plus suggests, though does not comprehensively argue, that Judge Docherty's December Order is dispositive in

1

nature and therefore should be reviewed *de novo* by this Court. *See* ECF 257 at 4 (suggesting that "the Order may be considered a dispositive ruling because it precludes Plus from asserting certain substantive trade secrets"). Defendant Capital Relocation Services L.L.C. ("CapRelo") disagrees and argues that the correct lens is clear error. Having carefully reviewed Judge Docherty's ruling and both parties' arguments about its effects on this litigation, this Court concludes that the December Order offers nondispositive relief and is therefore reviewed only for clear error. *See Subramanian v. Tata Consultancy Servs. Ltd.*, 352 F. Supp. 3d 908, 919 (D. Minn. 2018) (explaining that this standard of review is "extremely deferential").

This case involves a hard-fought trade secret dispute between two industry competitors. The December Order that is the subject of Plus's appeal arose out of one of the many metastasizing discovery fights—often focused on the disclosure of the trade secrets Plus alleges against CapRelo—that have been a recurring feature of this litigation. *See, e.g.*, ECF 300 (Order on Mot. for Sanctions) (denying sanctions motion arising out of trade secret disclosures made during a previous round of discovery motion practice). In an earlier order, dated October 29, 2024 (the "October Order"), Judge Docherty addressed a motion by CapRelo seeking, in part, to compel Plus One to supplement certain written discovery responses. *See* ECF 228 at 2. In the October Order, Judge Docherty observed that during the hearing on the motion to compel, Plus

> explained—for the first time—that there are 16 trade secrets at issue. According to Plus, there are seven distinct trade secrets and one "combination" trade secret—each of which has two

> parts—for a total of 16 trade secrets. Eight of the asserted trade secrets are source-code-based; the other eight are not.

*Id*. Judge Docherty then ruled on most of CapRelo's motion from the bench, explaining that what "remain[ed] before the Court is whether Plus should be compelled to supplement its trade-secret disclosure" in light of the information provided at the hearing. *Id*. at 3.

After the hearing, the parties sent three letters to the court, all of which are described in Judge Docherty's October Order. The first letter, from Plus, described a new, 104-page chart that had been produced to CapRelo, in which Plus detailed its asserted trade secrets. *Id*. The second letter, from CapRelo, "complained that the lengthy [104-page] disclosure . . . only hampered its ability to understand the trade secrets at issue." *Id*. The third letter, from Plus, promised to "narrow the scope of its asserted trade secrets, which Plus believes may reduce or eliminate CapRelo's concerns." *Id*. With these letters in mind, Judge Docherty "den[ied] as moot CapRelo's motion to compel Plus to further supplement its trade-secret descriptions [because] Plus has supplemented its trade-secret descriptions," and intended to do so again "to further specify and narrow the trade secrets at issue." *Id*. at 4–5.

But the peace was short-lived. On November 25, 2024, CapRelo filed a new motion, this time to preclude Plus One from asserting new trade secrets. ECF 235. CapRelo asserted that the promised narrowing had not occurred, but that Plus had instead served another new disclosure, on November 12, 2024, and "vastly expand[ed] the number and scope of alleged trade secrets," which had grown to 38 from 16. ECF 237 (Mem. in Supp. of Mot. to Preclude) at 5. In response to *this* motion, Judge Docherty determined that he would

3

"preclude Plus from asserting newly identified trade secrets that neither narrow nor streamline the previously identified trade secrets and are contrary to the letter and spirit of Plus's October 16 letter to the Court." ECF 254. And his subsequent analysis of the November 12 disclosure mostly aligned with CapRelo's characterization. After concluding that only very limited portions of the new disclosure comported with Plus's prior commitment to specify and narrow its trade secret identifications, he ordered that the non-conforming remainder would be precluded from disclosure. *Id*. at 4–9. Judge Docherty further explained that Plus would not be allowed to "amend its trade secret definitions again without leave of the Court, which will be granted only on a showing of extraordinary good cause." *Id*. at 2–3. And from this decision, Plus appealed.

As discussed above, Plus suggests that Judge Docherty's order is dispositive, but the Court disagrees. Under the federal rules, a magistrate judge is empowered to issue orders on all "pretrial matter[s] not dispositive of a party's claim or defense." Fed. R. Civ. P. 72(a) (explaining that such nondispositive orders are reviewable for clear error). Rule 72 "was designed to implement the legislative mandate of Section 636(b)(1)." Charles A. Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice and Procedure: Civil* § 3068 (3d ed. 1998). Section 636 authorizes a magistrate judge in civil cases to "hear and determine any pretrial matter" except for motions for injunctive relief, judgment on the pleadings, summary judgment, to dismiss or to permit maintenance of a class action, to

dismiss for failure to state a claim, or to involuntarily dismiss an action.[1] 28 U.S.C. § 636(b)(1)(A). Because Rule 72 covers "all matters dispositive to a claim or defense, [it extends over] a broader category of motions than those explicitly excepted under 28 U.S.C. § 636(b)(1)(A)." *In re Plowiecki*, 2021 WL 4973762, at *4.

     Judge Docherty's determination that Plus was "precluded" from disclosing new trade secrets that "neither narrow nor streamline the previously identified trade secrets" is not a dispositive order. The December Order arises from the October Order and its underlying discovery dispute. It represents Judge Docherty's efforts to conform Plus's trade-secret disclosures to its own prior commitments made during that dispute. It does *not* arise from one of the motions enumerated in Section 636, and it does not provide the kind of relief that would ordinarily arise from such a motion. Nor does it dispose of any claim or defense. In fact, by its own terms, the December Order affords the potential for further amendment of Plus One's trade secret definitions, albeit on a showing of extraordinary good cause. But even if that were not the case, the order would still not be dispositive. It does not strip Plus of any claim against CapRelo in this case; at worst, it may eventually weaken Plus's hand in this litigation by limiting further disclosure of new trade secrets. That outcome does not render the December Order dispositive to any claim that Plus seeks to assert. *See Benedict v. Zimmer, Inc.*, 232 F.R.D. 305, 313 (N.D. Iowa 2005) (explaining that "the Eighth Circuit Court of Appeals has approved of a district court reviewing a

---

[1] The statute also enumerates certain motions in criminal cases that are not relevant here.

magistrate judge's discovery ruling for clear error under Rule 72(a)—even though that ruling obviously affected the district court's order on a pending summary judgment motion") (citing *Bialas v. Greyhound Lines, Inc.*, 59 F.3d 759, 764 (8th Cir.1995)).


Date: June 17, 2025                             *s/Katherine Menendez*
                                                Katherine Menendez
                                                United States District Judge